FILED
6/9/2025
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| SCOTT ICEBERG, | No. 87431-4-I |
| Appellant, | |
| v. | |
| KING COUNTY METRO TRANSIT, and KING COUNTY, a governmental entity by and through KING COUNTY METRO TRANSIT, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, A.C.J. — Scott Iceberg appeals the trial court's CR 12(b)(6) dismissal of his Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, claim against King County. He argues that King County engaged in public accommodation discrimination by denying him restroom access at King County Metro Transit (Metro) facilities. And that it failed to accommodate his disability by refusing to let him use its employee-only restroom facilities. Because Iceberg cannot show that King County violated the WLAD, we affirm the trial court's dismissal.

FACTS

On September 12, 2024, Iceberg sued King County, alleging a violation of the WLAD, public nuisance, and outrage.[1] Iceberg alleged he is a disabled

---

[1] Iceberg does not appeal the trial court's dismissal of his public nuisance and outrage claims.

person suffering from severe ulcerative colitis, so he must use a restroom facility more often than the general public. And he complained that although King County provides some restroom access for its employees at Metro stations, it "provides no public bathrooms, or toilets, [for its] patrons." As a result, "[o]n dozens of occasions over the previous [10] years when utilizing the services [Metro] provides, [he] has been forced to defecate and/or urinate in public." Iceberg said he requested an accommodation from King County permitting him to access locked, employee-only restroom facilities located in Metro stations. But he "never received any further response to his reasonable accommodation request." Iceberg alleged in his complaint that King County's failure to accommodate his disability violates the WLAD.

King County moved to dismiss Iceberg's lawsuit with prejudice under CR 12(b)(6), arguing Iceberg's WLAD claim fails because he cannot show that he "received disparate treatment in a place of public accommodation." Specifically, it asserted that because King County does not provide public restrooms to any Metro riders, "there is no evidence that individuals without disabilities are provided a service that [Iceberg] is not." On November 14, 2024, the trial court held a hearing and granted King County's motion to dismiss Iceberg's complaint with prejudice.

Iceberg appeals.

ANALYSIS

Iceberg argues the trial court erred by dismissing his WLAD claim under CR 12(b)(6). We disagree.

We review CR 12(b)(6) dismissals de novo. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014). Under CR 12(b)(6), a court can dismiss a complaint for "failure to state a claim upon which relief can be granted." Dismissal is appropriate "only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery." *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). We presume all facts alleged in the complaint are true and may consider hypothetical facts not included in the record. *Id.* at 330.

Under the WLAD, a person has a civil right "to be free from discrimination because of . . . any sensory, mental, or physical disability." RCW 49.60.030(1). This includes the "right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public . . . accommodation." RCW 49.60.030(1)(b). It is an unfair practice to refuse admission or presence "in any place of public . . . accommodation." RCW 49.60.215(1)(c). But a place of public accommodation need not provide extra services to persons with disabilities. *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 189, 293 P.3d 413 (2013). To prove public accommodation discrimination under the WLAD, a plaintiff must show that 1) they have a disability, 2) the defendant's place of business is a public accommodation, 3) the defendant discriminated against the plaintiff by providing treatment not comparable to the services provided to individuals without disabilities, and 4) the disability was a substantial reason for the discrimination. *Id.* at 187.

3

Here, Iceberg alleges no facts showing that King County treated him differently in a place of public accommodation than it treated persons without disabilities. Iceberg states in his complaint that King County "provides no public bathrooms, or toilets, where patrons of their services may urinate and/or defecate" at the Metro stations. And that the restrooms it does provide are only for employees. Presuming those facts to be true, Iceberg shows only that King County provides no restroom access to *any* public transit riders. He does not show that King County provided him "treatment not comparable to the level of services provided to individuals without disabilities." *Commc'n Access Project*, 173 Wn. App. at 187. And the WLAD does not require King County to provide Iceberg extra services to accommodate his disability. *See id.* at 189.

Finally, as much as Iceberg argues that King County unlawfully refused him access to a public accommodation under RCW 49.60.215(1)(c) by denying him use of the employee-only restrooms, he is incorrect. In " 'mixed-use' facilities, where only part of the facility is open to the public, the portion that is closed to the public is not a place of public accommodation." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (determining the district court did not err in granting summary judgment to defendant on plaintiff's claim that defendant violated the ADA[2] "by excluding him from the employees-only restroom"). So, the employee-only restrooms in Metro facilities are not public accommodations under the WLAD.

---

[2] Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189. Washington courts may look to Title III of the ADA and interpretation of that provision as guidance in WLAD cases. *Commc'n Access Project*, 173 Wn. App. at 190.

Because Iceberg's complaint fails to allege facts sufficient to show a violation of the WLAD, we affirm the trial court's CR 12(b)(6) dismissal.

                                           , ACJ

WE CONCUR: